[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12580
Non-Argument Calendar

_____

D.C. Docket No. 04-00473-CR-LCS-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL JOSE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 11, 2006)**

Before EDMONDSON, Chief Judge, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Manuel Jose appeals his 80-month sentence imposed

after he pled guilty to possession with intent to distribute 50 grams or more of a

mixture and substance containing methamphetamine, in violation of 21 U.S.C. §

841(a) and (b)(1)(B).  No reversible error has been shown; we affirm.

Jose argues that his sentence was unreasonable under the Supreme Court's

decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005).  He contends that, in

determining his sentence, the district court should have considered the small role

he played in the offense, his lack of prior criminal history, and his family

background.  Jose also asserts that the district court did not make sufficient factual

findings to support its decision to sentence him above the Guideline imprisonment

range of 60-71 months.[1]

Jose was sentenced after the Supreme Court issued its decision in <u>Booker</u>;

so we review his sentence for reasonableness in the light of the factors set out in

---

[1]Jose acknowledges that the district court properly calculated his Guideline imprisonment range.

18U.S.C. § 3553(a).[2] <u>United States v. Winingear</u>, 422 F.3d 1241, 1244-46 (11th Cir. 2005).

We conclude that Jose's sentence was reasonable. His 80-month sentence was well below the 40-year statutory maximum. <u>See</u> 21 U.S.C. § 841(b)(1)(B). In addition, in sentencing Jose, the district court recognized that the Sentencing Guidelines were advisory and noted the § 3553(a) factors, commenting in particular on Jose's family situation and the destructive nature of methamphetamine use. The court also considered that Jose had been selling methamphetamine since 2000. The district court properly fulfilled its role in considering the Guidelines; but the court concluded that Jose's Guideline range was inadequate to accomplish the statutory goals set out in § 3553(a). Nothing in the record convinces us that Jose's sentence was unreasonable in the light of the § 3553(a) factors.

AFFIRMED.

---

[2]Jose's plea agreement contained two sentence appeal waiver provisions. First, the agreement stated that Jose waived "his right to appeal his conviction and sentence . . . so long as that sentence is within the advisory guideline range, as that range is determined by the Court." Second, the agreement provided that Jose waived his right to appeal "any sentence or restitution the court might impose upon me except for a sentence that exceeds the statutory maximum," which is subject to the limitation of "[a]ny punishment that constitutes an upward departure from the advisory guideline range, as that range is determined by the court at the time sentence is imposed." Both Jose and the government agree that the instant appeal may proceed because the district court sentenced Jose to 80 months' imprisonment after applying an upward departure. Although the district court stated, after sentencing Jose, that it "did not depart from the Guidelines," but "took them as advisory and then determined what a reasonable sentence was," we will address the merits of Jose's appeal because the government does not argue that dismissal is warranted as a result of the appeal waiver in Jose's plea agreement.